IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 C 984 |
| | ) | |
| PEPSI-COLA GENERAL BOTTLERS, | ) | |
| INC., JEWEL FOOD STORES, INC., | ) | |
| JEWEL FOOD STORE #3138, | ) | |
| DOMINICK'S FINER FOODS, LLC, | ) | |
| and DOMINICK'S STORE #1957 | ) | |
| | ) | Wayne R. Andersen |
| Defendant. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants Dominick's Finer Foods, LLC and Dominick's Store #1957 (collectively "Dominick's") and Jewel Food Stores, Inc. and Jewel Store #3138 (collectively "Jewel") to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, plaintiff's claims against Dominick's and Jewel (Counts II-IV) are dismissed and Dominick's and Jewel are hereby dismissed as defendants in this case.

## BACKGROUND

Plaintiff Byron Savage ("Savage") is employed by defendant Pepsi-Cola General Bottlers, Inc. ("Pepsi") as a sales merchandiser. Am. Cmplt. ¶¶ 4, 10. His job requires him to work at certain facilities owned by defendants Dominick's and Jewel. Am. Cmplt. ¶¶ 4, 14, 24. On February 16, 2009, Savage filed an initial complaint with this court against Pepsi,

Dominick's and Jewel. Savage then filed an amended complaint against all three defendants on March 4, 2009, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Specifically, the amended complaint alleges that the Savage was subjected to sexual harassment that created a hostile environment in violation of Title VII while on location at Jewel and Dominick's stores and that Dominick's retaliated against him for filing a charge with the Equal Employment Opportunity Commission ("EEOC"). Am. Cmplt. ¶¶ 15, 19-23, 25.

## I.     Counts II & III: Dominick's

Savage's amended complaint sets forth two Title VII claims against Dominick's. First, Count II alleges that Savage was subjected to sexual harassment that created a hostile work environment and affected Savage's work performance and his mental and emotional state while working at Dominick's Store #1957 in his capacity as a sales merchandiser for Pepsi. Am. Cmplt. ¶¶ 15, 18. Specifically, Savage alleges that two managers at Dominick's Store #1957 directed offensive comments and gestures towards Savage which rose to the level of sexual harassment. Am. Cmplt. ¶¶ 16-18. Second, Count III claims that a Dominick's manager retaliated against Savage for filing an EEOC charge against Dominick's regarding the alleged sexual harassment and hostile work environment. Am. Cmplt. ¶¶ 20-22. Specifically, Savage alleges that the manager threatened him and physically assaulted him. *Id.*

## II.    Count IV: Jewel

Savage's amended complaint asserts one Title VII claim against Jewel. Count IV asserts that Savage was subjected to sexual harassment that created a hostile work environment while at

Jewel Store #3138 in his capacity as a sales merchandiser for Pepsi. Am. Cmplt. ¶ 25. In support of this claim Savage alleges that several Jewel managers made sexual advances towards him and that he was threatened and his car was damaged because he rejected those advances. Am. Cmplt. ¶ 26.

Defendants Dominick's and Jewel filed separate motions to dismiss the claims against them on March 18, 2009 and April 9, 2009, respectively. We now turn to those motions.

## **LEGAL STANDARD**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

## DISCUSSION

In separately filed motions, Dominick's and Jewel move to dismiss the Title VII claims asserted against them on the grounds that neither Dominick's nor Jewel is Savage's employer as defined in Title VII.

In order to prevail on a Title VII claim, a plaintiff must demonstrate the existence of an employment relationship with the defendant. *Knight v. United Farm Bureau Mutual Insurance Company*, 950 F. 2d 377, 380 (7th Cir. 1991) (plaintiff's stature as an independent contractor doomed her sexual harassment claim against the defendant because the defendant was not her employer); *see also, e.g. Smith v. Chicago-Sun Times*, No. 06 C 6142, 2007 WL 2278889 (N.D. Ill. Aug. 6, 2007)(we granted defendant's motion for summary judgment on plaintiff's Title VII claim because the plaintiff was an independent contractor and not an employee).

Savage cannot establish that either Dominick's or Jewel was his employer under the meaning of Title VII. First, Savage asserts that he is a Pepsi employee. In his amended complaint he concedes, "[t]he Plaintiff is employed by defendant Pepsi," and "[a]t all times relevant to this complaint, Plaintiff was employed with Pepsi as a Sales Merchandiser." Am. Cmplt. ¶¶ 4, 10. Second, Savage alleges no employment relationship with either Dominick's or

4

Jewel. Rather, he merely alleges that he was assigned by Pepsi to deliver Pepsi products and merchandise at Dominick's Store #1957 and Jewel Store #3138 and that on one occasion he was asked by a Dominick's employee to "bring boxes over to where [the employee] was standing." Am. Cmplt. ¶¶ 14, 15, 16, 24.

Savage's role of delivering and merchandising at Pepsi's customers' stores and occasionally assisting them with moving boxes does not render those customers his "employer" for the purposes of Title VII. If Savage simply had to plead that he performed work *at* Dominick's then *every* company to which Savage delivers Pepsi products would be his employer for Title VII purposes and Dominick's would be considered the employer of every individual who delivers products to its stores, including countless grocery delivery persons, package delivery drivers, and even mail carriers. Case law does not support such an expansive reading of Title VII. Accordingly, because Savage fails to establish that he had an employer-employee relationship with either Jewel or Dominick's, his claims against them must be dismissed.

Savage argues that his claims against Dominick's and Jewel should not be dismissed because he has complied with the pleading requirements of Federal Rule of Civil Procedure 8 by putting Dominick's and Jewel on notice of the claims against them. However, this argument misses the mark. The issue is not whether Dominick's and Jewel are on notice of the claims, but whether Savage has stated a claim against them for which relief may be granted. *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). By failing to allege that he was employed by Jewel or Dominick's, as required to pursue a Title VII claim, Savage fails to state a claim for which relief can be granted against either defendant.

## CONCLUSION

For the reasons set forth above, Dominick's motion [9] to dismiss Counts II and III and Jewel's motion [18] to dismiss Count IV are granted. Dominick's Finer Foods, LLC, Dominick's Store #1957, Jewel Food Stores, Inc., and Jewel Store #3138 are hereby dismissed as defendants in this case.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 8, 2009